1  GLENN L. BRIGGS (SBN 174497)
   Email: gbriggs@kadingbriggs.com
2  STANLEY G. STRINGFELLOW II (SBN 259047)
   Email: sgs@kadingbriggs.com
3  KADING BRIGGS LLP
   100 Spectrum Center Drive, Suite 800
4  Irvine, California 92618
   Telephone: (949) 450-8040
5  Facsimile: (949) 450-8033

6  Attorneys for Defendant
   ROBERTSON'S READY MIX, LTD.
7

8

9              UNITED STATES DISTRICT COURT FOR THE

10                CENTRAL DISTRICT OF CALIFORNIA

11

12

| 13 JARRELL ELLSWORTH, on behalf | CASE NO. _____ |
| 14 of himself and others similarly situated, | [San Bernardino County Superior Court Case No. CIVSB2028682] |
| 15                Plaintiff, | **ROBERTSON'S READY MIX, LTD.'S NOTICE OF REMOVAL OF THE CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1331 (FEDERAL QUESTION), 1367(a), AND 1441(a), (c)** |
| 16                v. | |
| 17 ROBERTSON'S READY MIX, LTD., A CALIFORNIA LIMITED PARTNERSHIP; and DOES 1 to 50, inclusive, | |
| 18 | |
| 19 | |
| 20                Defendant. | |

21

22

23

24

25

26

27

28

487407

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF:

PLEASE TAKE NOTICE THAT, based on the following allegations, defendant Robertson's Ready Mix, Ltd. ("RRM" or "Defendant") hereby removes to this court the state court action described below.

1.     On December 21, 2020, plaintiff Jarrell Ellsworth filed a Class Action Complaint (the "Complaint") in the Superior Court of the State of California in and for the County of San Bernardino, entitled *Jarrell Ellsworth v. Robertson's Ready Mix, Ltd.*, case number CIVSB2028682 ("the Action").  The Complaint alleges violations of (**federal law**) the Fair Credit Reporting Act (Sections 1681b(b)(2), 1681b(b)(3), 1681b(f), and 1681q) and (state laws) the California Investigative Consumer Reporting Agencies Act (California Civil Code Sections 1786.16(a)(2)(B),(C), 1786.16(b)(1), and 1786.16(a)(4)) and California Business and Professions Code Sections 17200, *et seq.*  The Summons and Complaint and Civil Case Cover Sheet are attached hereto as Exhibits "A," and "B," respectively.

2.     On February 18, 2021, Plaintiff delivered a copy of the Summons and Complaint to the office of RRM's designated agent for service of process, leaving it with Richard Kim as the person "apparently in charge" of the office, and thereafter mailing a copy of the Summons and Complaint to the person to be served at RRM's office.  The Proof of Service filed by Plaintiff in the San Bernardino County Superior Court reflecting these facts is attached hereto as Exhibit "C".  Service on RRM was therefore deemed complete as of February 28, 2021.  *See* Cal. Civ. Proc. Code § 415.20(b) ("Service of a summons in this manner is deemed complete on the 10th day after the mailing.")

3.      This Notice of Removal is filed on March 19, 2021, which is 19 days from February 28, 2021, the date upon which service of the Complaint on RRM was deemed completed, and is therefore filed within the time provided by law. Cal. Civ. Proc. Code §§ 415.10, 415.30; 28 U.S.C. § 1446(b).

4.      RRM wishes to exercise its right under the provisions of 28 U.S.C. Section 1441(a) and (c) to remove this action from the San Bernardino County Superior Court on the grounds of federal question.  RRM removes this Action to the United States District Court, Central District of California, because Plaintiff originally filed the Action in San Bernardino County Superior Court.

5.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1331 because Plaintiff's claims arise under the Fair Credit Reporting Act, 15 U.S.C. Sections 1681-1681x.  Accordingly, RRM may remove this Action pursuant to 28 U.S.C. Sections 1331 and 1441(a) and (c) because it arises under "laws of the United States."

## THIS COURT HAS ORIGINAL JURISDICTION BECAUSE PLAINTIFFS HAVE BROUGHT FEDERAL CLAIMS ARISING UNDER THE FAIR CREDIT REPORTING ACT

6.      A civil action is removable to federal court if it might have been brought originally in federal court.  *See* 28 U.S.C. Section 1441(a); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 563-64 (2005) (a "district court has original jurisdiction of a civil action for purposes of section 1441(a) as long as it has original jurisdiction over a subset of claims constituting the action").

7.      Plaintiff's Complaint may be removed on the basis of federal question

jurisdiction because Plaintiff's claims arise under the Fair Credit Reporting Act, 15 U.S.C. Sections 1681-1681x.  *See* 28 U.S.C. Sections 1331 and 1441(a) and (c).

8.      Plaintiff has unequivocally alleged Fair Credit Reporting Act violations in his Complaint, specifically the first, second, and third causes of action.  *See* Exhibit "A".

9.      Under established rules in this District Court (and District Courts throughout the country), courts have held that removal to federal court is proper when a plaintiff's claim arises under the Fair Credit Reporting Act.  *See, e.g., Sodano v. Chase Bank USA, N.A.*, 2012 WL 1552796  (E.D. Cal. 2012); *Broom v. TRW Credit Data*, 732 F. Supp. 66, 68 (E.D. Mich. 1990); *Haun v. Retail Credit Co.,* 420 F. Supp. 859 (W.D. Pa. 1976).

10.      Accordingly, because Plaintiff has invoked a federal statute that requires interpretation of federal law, this Court has federal question jurisdiction under 28 U.S.C. Section 1331, and removal is proper under 28 U.S.C. Section 1441(a) and (c).

11.      This Court also has supplemental jurisdiction over the remaining state law claims in Plaintiff's Complaint as they share a common nucleus of operative facts with Plaintiff's federal claims.  28 U.S.C. § 1367(a).  Convenience, judicial economy, and fairness to the parties require that all of Plaintiff's claims be litigated together in a single forum.  *United Mine Workers v. Gibbs,* 383 U.S. 715, 726-27 (1966).  These supplemental claims are, therefore, removable under 28 U.S.C. Section 1441(c).

**PROCESS, PLEADINGS, AND ORDERS**

12.     Attached hereto as Exhibit "A" is a copy of the Summons and Complaint, filed with the Superior Court of the State of California in and for the County of San Bernardino ("Superior Court") on December 21, 2020.

13.     Attached hereto as Exhibit "B" is a copy of the Civil Case Coversheet and Certificate of Assignment filed with the Superior Court on December 21, 2020 and ADR package.

14.     Attached hereto as Exhibit "C" is a copy of the signed Notice and Acknowledgment demonstrating service of the Complaint on RRM effective March 2, 2020.

15.     Attached hereto as Exhibit "D" is a copy of RRM's Answer to Plaintiff's Class Action Complaint filed and served on March 19, 2021.

16.     RRM is informed and believes that Exhibits "A" through "D" constitute all process, pleadings, and/or orders filed and received by RRM in this Action.

17.     Attached hereto as Exhibits "E," "F," and "G" are, respectively, copies of an Initial Case Management Conference Order, filed February 8, 2021, Proof of Service of Summons & Complaint, filed February 22, 2021, and Ex Parte Application for Extension of Time to Serve Pleading and Order Extending Time to Serve, filed February 23, 2021, which RRM obtained from the San Bernardino County Superior Court's online docket.

487407

1
2
3
4
5
6

18.    On this or no later than the next business day, notice of this removal is being given to both Plaintiff and to the Clerk of the San Bernardino County Superior Court.  True and correct copies of these notices are attached hereto as Exhibits "H" and "I," respectively.  The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Notice is served on Plaintiff and the Superior Court filing is accomplished.

7

8
9
10
11
12

WHEREFORE, pursuant to the provisions of Title 28, Sections 1331, 1367(a), and 1441(a), (c) of the United States Code, RRM removes the above action from the Superior Court of the State of California for the County of San Bernardino to this Court – the United States District Court for the Central District of California.

13

14   DATED: March 19, 2021          KADING BRIGGS LLP
15                                                    GLENN L. BRIGGS
                                                       STANLEY G. STRINGFELLOW II
16
17                                     By:  */s/ Glenn L. Briggs*
                                                            GLENN L. BRIGGS
18
19                                     Attorneys for Defendant
                                          ROBERTSON'S READY MIX, LTD.
20
21
22
23
24
25
26
27
28

487407

EXHIBIT "A"

# EXHIBIT "A"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

DEC 21 2020

BY _Selina Obramo_
SYLVIA GUAJARDO, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ROBERTSON'S READY MIX, LTD., A CALIFORNIA LIMITED PARTNERSHIP; and DOES 1
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JARRELL ELLSWORTH, on behalf of himself and others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Superior Court - Civil<br>247 West Third Street<br>San Bernardino, CA 92415-0210 | CASE NUMBER: *(Número del Caso)*<br>CIV SB 2028682 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Justin Kachadoorian, Esq., CounselOne, PC, 9301 Wilshire Blvd., Suite 650, Beverly Hills, CA 90210, (310) 277-9945

| DATE:<br>*(Fecha)* DEC 21 2020 | Clerk, by<br>*(Secretario)* Sylvia Guajardo | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Robertson's Ready Mix, Ltd., a California Limited Partnership

   under: ☐ CCP 416.10 (corporation)                ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP 415.30
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1  ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
   anthony@counselonegroup.com
2  ALEXANDRIA R. KACHADOORIAN, Cal. Bar No. 240601
   alexandria@counselonegroup.com
3  JUSTIN KACHADOORIAN, Cal. Bar No. 260356
   justin@counselonegroup.com
4  COUNSELONE, P.C.
   9301 Wilshire Boulevard, Suite 650
5  Beverly Hills, California 90210
   Telephone: (310) 277-9945
6  Facsimile:  (424) 277-3727

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

DEC 21 2020

BY _____
SYLVIA GUAJARDO, DEPUTY

7  Attorneys for Plaintiff JARRELL ELLSWORTH,
8  on behalf of himself and others similarly situated

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SAN BERNARDINO

11

12

13  JARRELL ELLSWORTH, on behalf of
    himself and others similarly situated,
14
                  Plaintiff,
15
              v.
16
    ROBERTSON'S READY MIX, LTD., A
17  CALIFORNIA LIMITED
    PARTNERSHIP; and DOES 1 through 50,
18  inclusive,
                  Defendant.
19

20

21

22

23

24

25

Case No. **CIV SB  2 0 2 8 6 8 2**

**CLASS ACTION COMPLAINT FOR:**

(1) Violation of 15 U.S.C. § 1681b(b)(2);
(2) Violation of 15 U.S.C. § 1681b(b)(3);
(3) Violation of 15 U.S.C. §§ 1681b(f), 1681q;
(4) Violation of California Civil Code
    § 1786.16(a)(2)(B), (C);
(5) Violation of California Civil Code
    § 1786.16(b)(1);
(6) Violation of California Civil Code
    § 1786.16(a)(4);
(7) Violation of California Business &
    Professions Code section 17200, *et
    seq.*

**DEMAND FOR JURY TRIAL**

26                                    *BY FAX*

27

28

                    CLASS ACTION COMPLAINT

Plaintiff Jarrell Ellsworth (hereinafter, "Plaintiff"), on behalf of himself and all others similarly situated, complains of Defendant Robertson's Ready Mix, Ltd., a California limited partnership ("Robertson's"), and Does 1 through 50, inclusive (together, "Defendants"), as follows:

## **NATURE OF ACTION**

1. This class action arises from Defendants' acquisition and use of consumer reports or investigative consumer reports (for sake of brevity, referred to together herein as "consumer reports") to conduct background checks on Plaintiff and other prospective employees.

2. As a matter of companywide policy Defendants obtain and use information from consumer reports in connection with their hiring process without complying with state and federal mandates for doing so.

3. Plaintiff, individually and on behalf of all other members of the public similarly situated, seeks compensatory and punitive damages arising from Defendants' systematic and willful violation of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and California's Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1786, *et seq.*

4. Defendants have violated the requirements under these statutes in at least two separate ways: (1) failure to provide applicants with proper disclosures before procuring their consumer reports, and (2) failure to provide applicants with notice relating to adverse actions taken by Defendants based in whole or in part on their consumer reports.

5. First, the procurement of consumer reports for employment purposes is subject to strict disclosure requirements under the FCRA and ICRAA, but Defendants flouted these requirements by failing to provide any disclosure informing applicants that they intended to procure consumer reports or investigative consumer reports for employment purposes.

6. Second, the FCRA and ICRAA requires users of consumer reports to follow certain procedures and provide certain notices with regard to taking adverse actions against applicants based in whole or in part on consumer-reporting information; however, Defendants also fail to provide notice relating to the adverse action they take against job applicants.

///

1

CLASS ACTION COMPLAINT

7. On behalf of himself and putative class members, Plaintiff seeks statutory, actual or compensatory damages, punitive damages, costs and expenses of litigation including attorney's fees, and equitable relief, including injunctive relief requiring Defendants to comply with their legal obligations, as well as additional and further relief that may be appropriate.  Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

## **PARTIES**

8. At all times mentioned herein, Defendant Robertson's was and is a California limited partnership and was at all times relevant to this Complaint engaged in commercial transactions throughout this county, the State of California, and the various states of the United States of America.

9. At all times mentioned herein Plaintiff was and is a citizen of the State of California.

10. Plaintiff is informed and believes and thereon alleges that each defendant acted in all respects pertinent to this action as the employee, agent, partner, alter-ego, and/or joint venturer of the other defendants; that the defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto; that the acts of each defendant are legally attributable to the other defendants; and that these defendants exercised a sufficient degree of control over the application and hiring process to render each defendant the employer or joint employers of Plaintiff and putative class members.

11. The true names and capacities, whether individual, corporate, associate, or whatever else, of the defendants sued herein as Does 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues these defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as Does is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated herein as Does when their identities become known.

## **FACTUAL BACKGROUND**

12. Plaintiff applied for a job as a driver at Robertson's in or around July 2019.

///

CLASS ACTION COMPLAINT

13. In connection with Plaintiff's employment application, Defendants obtained a consumer report or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e) and Cal. Civ. Code § 1786.2(c), from PreScreen Solutions, Inc., a consumer reporting agency ("CRA") or investigative consumer reporting agency ("ICRA").

14. Defendants did not provide Plaintiff with a compliant disclosure of their intent to procure a consumer report or investigative consumer report, nor did Defendants obtain Plaintiff's consent or authorization to procure such report.

15. After procuring a report on Plaintiff, Defendants declined to hire him.

16. Plaintiff is informed and believes and based thereon alleges that Defendants failed to hire Plaintiff based in whole or in part on this consumer report or investigative consumer report.

17. Plaintiff did not receive a copy of the report or a summary of his rights promulgated by the Consumer Financial Protection Bureau (CFPB) before Defendants took adverse action against him.

18. Upon information and belief, Defendants failed to provide certifications to PreScreen Solutions, Inc. or other CRAs regarding their compliance with the legal requirements for procuring consumer reports or investigative consumer reports for employment purposes.

19. Defendants' violations of FCRA and ICRAA alleged herein were grossly negligent, reckless, or willful in that Defendants knew or reasonably should have known that they were violating the law based on the plain language of the statute, agency and judicial opinions pre-dating Defendants' conduct, Defendants' communications with CRAs/ICRAs regarding their obligations under the law, and Defendants' retention of dedicated in-house and outside legal counsel with knowledge of FCRA requirements.

## CLASS ALLEGATIONS

20. Plaintiff brings this action as a class action pursuant to California Code of Civil Procedure § 382 behalf of the following class:

> **FCRA Disclosure Class**: All persons residing in the United States (including all territories and other political subdivisions of the United States) who applied for employment with or were employed by Defendants within the longest applicable limitations period and on whom Defendant procured one or more consumer reports.

3

**FCRA Adverse Action Class**: All persons residing in the United States (including all territories and other political subdivisions of the United States) who applied for employment with or were employed by Defendants within the longest applicable limitations period against whom Defendants took adverse employment action based in whole or in part on information contained in a consumer report.

**California Disclosure Class**: All persons residing in the state of California who applied for employment with or were employed by Defendants within the longest applicable limitations period on whom Defendant procured one or more investigative consumer reports.

21. Members of the classes, as described above, will be referred to as "class members." Excluded from the classes and subclasses are: (1) Defendants, any entity or division in which either Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the judge to whom this case is assigned and the judge's staff and members of their immediate family. Plaintiff reserves the right to amend the above classes and to add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

22. This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure 382 because there is a well-defined community of interest in the litigation and the classes and subclasses are easily ascertainable.

**A.    Numerosity**

23. Although the precise number of class members has not been determined at this time, Plaintiff estimates that the classes and subclasses consist of more than one hundred members and that the identity of such persons is readily ascertainable by inspection of Defendants' employment or hiring records. Therefore it is reasonable that the class members are so numerous that joinder is impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**B.    Common Questions Predominate**

24. There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. Thus proof of a common set of facts will establish the right of each class member to recovery. These common questions of law and fact

4

include but are not limited to:

    a.    Whether Defendants violated section 1681b(b)(2) of the FCRA by failing to provide class members with a disclosure that a consumer report may be obtained for employment purposes;

    b.    Whether Defendants violated section 1681b(b)(2) of the FCRA by procuring consumer reports on class members without first obtaining their authorization or consent;

    c.    Whether Defendants violated section 1681b(b)(3) of the FCRA by failing to provide class members with notice when taking adverse action based in whole or in part on a consumer report;

    d.    Whether Defendants violated the Cal. Civ. Code § 1786.16(a)(2)(B) by failing to provide class members with a disclosure before procuring an investigative consumer report that an investigative consumer report may be obtained for employment purposes;

    e.    Whether Defendants failed to provide required certifications to CRAs or ICRAs before procuring the aforementioned reports;

    f.    Whether Defendants failed to provide class members with a check-box form on which they could request a copy of the investigative consumer report procured on them by Defendants; and

    g.    Whether Defendants' conduct described herein constitutes a violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

**C.**    **Typicality**

    25. Plaintiff's claims are typical of the claims of the class members because Defendants failed to provide Plaintiff with the requisite disclosures and obtain his valid consent before procuring his consumer report and took adverse action against him without complying with the notice requirements under the FCRA. Plaintiff and each class member sustained similar injuries arising out of Defendants' conduct in violation of law. The injuries of each class member were caused directly by Defendants' wrongful conduct. In addition, the factual underpinning of Defendants'

CLASS ACTION COMPLAINT

1  misconduct is common to all class members and represents a common thread of misconduct
2  resulting in injury to all class members. Plaintiff's claims arise from the same practices and course
3  of conduct that give rise to the claims of the class members and are based on the same legal theories.

4  **D.     Adequacy**

5  26. Plaintiff will fairly and adequately represent and protect the interests of the classes.
6  Counsel who represent Plaintiff and putative class members are experienced and competent in
7  litigating class actions.

8  **E.     Superiority of Class Action**

9  27. A class action is superior to other available means for the fair and efficient
10  adjudication of this controversy. Individual joinder of class members is not practicable, and
11  questions of law and fact common to class members predominate over any questions affecting only
12  individual class members. Each class member has been damaged and is entitled to recovery as a
13  result of the violations alleged herein. Moreover, because the damages suffered by individual
14  members of the classes may be relatively small, the expense and burden of individual litigation
15  would make it difficult or impossible for individual members of the class to redress the wrongs done
16  to them, while an important public interest will be served by addressing the matter as a class action.
17  Class action treatment will allow those persons similarly situated to litigate their claims in the
18  manner that is most efficient and economical for the parties and the judicial system. Plaintiff is
19  unaware of any difficulties in managing this case that should preclude class action.

20  **FIRST CAUSE OF ACTION**

21  **VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b(b)(2)**

22  ***(Brought on behalf of the FCRA Disclosure Class)***

23  28. Plaintiff hereby incorporates by reference the allegations contained in this
24  Complaint.

25  29. Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

26  30. Plaintiff and class members are "consumers" within the meaning Section 1681a(c)
27  of the FCRA because they are "individuals."

28  ///

CLASS ACTION COMPLAINT

31. As alleged above, Defendants violate Section 1681b(b)(2) of the FCRA by failing to provide Plaintiff and FCRA Disclosure Class Members with disclosure or notice before a consumer report is procured or caused to be procured that a consumer report may be obtained for employment purposes.

32. Furthermore, Plaintiff and FCRA Disclosure Class Members did not authorize or consent to Defendants' procurement of consumer reports on them.

33. As alleged above, Defendants' conduct in violation of Section 1681b(b)(2) of the FCRA was and is willful because Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and FCRA Disclosure Class Members.

34. Plaintiff, on behalf of himself and all FCRA Disclosure Class Members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

35. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. Section 1681o.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b(b)(3)

*(Brought on behalf of the FCRA Adverse Action Class)*

36. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

37. Section 1681a(k)(1)(B)(ii) of the FCRA defines "adverse action" as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee."

38. As alleged above, Defendants violated Section 1681b(b)(3) of the FCRA by failing to provide notice to Plaintiff and FCRA Adverse Action Class Members that Defendants intended to take adverse action based in whole or in part on their consumer reports.

///

7

CLASS ACTION COMPLAINT

39. As alleged above, Defendants' conduct in violation of Section 1681b(b)(3) of the FCRA was and is willful in that Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and FCRA Adverse Action Class Members.

40. Plaintiff, on behalf of himself and FCRA Adverse Action Class Members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

41. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION

### VIOLATION OF FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681b(f), 1681q

### *(Brought on behalf of the FCRA Disclosure Class)*

42. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

43. Section 1681b(f) of the FCRA provides, in relevant part:

"(f) Certain use or obtaining of information prohibited. A person shall not use or obtain a consumer report for any purpose unless

…

"(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
"(2) the purpose is certified in accordance with section 607 [§ 1681e] by a prospective user of the report through a general or specific certification."

44. Section 1681b(b)(1)(A)(ii) provides in pertinent part:  "Conditions for Furnishing and Using Consumer Reports for Employment Purposes. (1) Certification from user. A consumer reporting agency may furnish a consumer report for employment purposes only if (A) the person who obtains such report from the agency certifies to the agency that (i) the person has complied with [Section 1681b(b)(2) disclosure requirements], and the person will comply with [Section 1681b(b)(3) adverse action requirements] …. ; (ii) information from the consumer report will not

8

1  be used in violation of any applicable Federal or State equal employment opportunity law or

2  regulation . . . ."

3        45. Defendants violated Section 1681b(f) of the FCRA by obtaining consumer reports

4  on Plaintiff and FCRA Disclosure Class Members without providing valid certifications to the

5  consumer reporting agency regarding the consumer reports they procure on job applicants, including

6  certifications that Defendants would provide Plaintiff and FCRA Disclosure Class Members with

7  the requisite disclosures and obtain their consent under Section 1681b(b)(2) and that they would

8  provide the required notifications to adversely affected applicants pursuant to section 1681b(b)(3).

9  As alleged above, because of Defendants' violations of Sections 1681b(b)(2) and 1681b(b)(3), any

10  certifications that Defendants made to the CRAs from which they procured consumer reports were

11  false.  In this way, Defendants impermissibly accessed consumer reports on Plaintiff and other

12  members of the FCRA Disclosure Class, in violation of 15 U.S.C. § 1681q.

13        46. Defendants' conduct in violation of Sections 1681b(f) and 1681q of the FCRA was

14  and is willful.  Defendants acted in deliberate or reckless disregard of their obligations and the rights

15  of applicants and employees, including Plaintiff and FCRA Disclosure Class Members.

16        47. Plaintiff, on behalf of himself and FCRA Disclosure Class Members, seeks all

17  available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages or actual damages,

18  punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

19        48. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

20  alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C.

21  § 1681o.

22                      **FOURTH CAUSE OF ACTION**

23    **VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING**

24        **AGENCIES ACT, CAL. CIV. CODE § 1786.16(a)(2)(B), (C)**

25            ***(Brought on behalf of the California Disclosure Class)***

26        49. Plaintiff hereby incorporates by reference the allegations contained in this

27  Complaint.

28        50. Defendants are "persons" as defined by Cal. Civ. Code § 1786.2(a).

CLASS ACTION COMPLAINT

51. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

52. Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

53. Section 1786.16(a)(2) of the ICRAA provides in relevant part as follows:

If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

…

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies

10

CLASS ACTION COMPLAINT

with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C)  The consumer has authorized in writing the procurement of the report.

54. Defendants violated Section 1786.16(a)(2)(B) of the ICRAA by failing to provide Plaintiff and California Disclosure Class Members with a disclosure that an investigative consumer report may be obtained for employment purposes as set forth above.

55. Moreover, because Plaintiff and California Disclosure Class Members did not authorize the procurement of investigative consumer reports in writing, Defendants also violate Section 1786.16(a)(2)(C).

56. As a result of Defendants' willful, reckless, or grossly negligent violation of Section 1786.16(a)(2)(B) and (C) as set forth above, Plaintiffs and California Disclosure Class Members have been injured by, among other things, having their privacy and statutory rights invaded in violation of the ICRAA.

57. Plaintiff, on behalf of himself and all California Disclosure Class Members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages, actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING

### AGENCIES ACT, CAL. CIV. CODE §§ 1786.16(b)(1)

#### *(Brought on Behalf of the California Disclosure Class)*

58. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

59. Furthermore, Section 1786.16(b)(1) requires anyone procuring an investigative consumer report to do the following:

Provide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared. If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that the report is provided to the recipient, who may contract with any other entity to send a copy to the consumer.

///

---

11

CLASS ACTION COMPLAINT

60. Defendants violated Section 1786.16(b)(1) of the ICRAA with regard to Plaintiff and California Disclosure Class Members by failing to provide them with a means by which to indicate on a written form, by means of a box to check, whether they wished to receive a copy of any report that was prepared.

61. As a result of Defendants' willful, reckless, or grossly negligent failure to comply with Section 1786.16(b)(1) of the ICRAA as set forth above, Plaintiffs and California Disclosure Class Members have been injured by, among other things, having their privacy and statutory rights invaded in violation of the ICRAA.

62. Plaintiffs and California Disclosure Class Members seek all available remedies pursuant to Cal. Civ. Code § 1786.50 including statutory damages, actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1786.16(a)(4)

*(Brought on Behalf of the California Disclosure Class)*

63. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

64. Furthermore, Section 1786.16(a)(4) provides that "[t]he person procuring or causing the request to be made shall certify to the investigative consumer reporting agency that the person has made the applicable disclosures to the consumer required by this subdivision and that the person will comply with subdivision (b) [setting forth adverse action notice requirements]."

65. Defendants violated Section 1786.16(a)(4) of the ICRAA because they procured investigative consumer reports on Plaintiffs and other California Disclosure Class Members without providing valid certifications to the investigative consumer reporting agencies (ICRAs) that prepared the reports that Defendants had complied with the disclosure requirements of Section 1786.16(a)(2) and would comply with the adverse action notice requirements if those requirements became applicable.  Because, as alleged above, Defendants failed to provide such disclosures and adverse action notices, any certification that Defendants made to their ICRAs were inaccurate and

12

1  false.

2      66. As a result of Defendants' willful, reckless, or grossly negligent violation of Section

3  1786.16(a)(4) of the ICRAA as set forth above, Plaintiffs and California Disclosure Class Members

4  have been injured by, among other things, having their privacy and statutory rights invaded in

5  violation of the ICRAA.

6      67. Plaintiffs and California Disclosure Class Members seek all available remedies

7  pursuant to Cal. Civ. Code § 1786.50 including statutory damages, actual damages, punitive

8  damages, injunctive and equitable relief, and attorneys' fees and costs.

9                          **SEVENTH CAUSE OF ACTION**

10               **VIOLATION OF THE CAL. BUS. & PROF. CODE § 17200, *et seq.***

11            ***(Brought on behalf of the FCRA and California Disclosure Classes)***

12     68. Plaintiff hereby incorporates by reference the allegations contained in this

13  Complaint.

14     69. California's Unfair Competition Law ("UCL"), California Business & Professions

15  Code § 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in

16  commercial markets for goods and services. The UCL prohibits any unlawful, unfair or fraudulent

17  business act or practice. A business practice need only meet one of the three criteria to be considered

18  unfair competition. An unlawful business practice is anything that can properly be called a business

19  practice and that at the same time is forbidden by law.

20     70. As described above, Defendants have violated the unlawful prong of the UCL in that

21  Defendants' conduct violated numerous provisions of the FCRA and ICRAA.

22     71. Defendants have violated the unfair prong of the UCL in that they gained an unfair

23  business advantage by failing to comply with state and federal mandates in conducting background

24  checks and otherwise taking the necessary steps to adhere to the FCRA and ICRAA. Further, any

25  utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and

26  FCRA and California Disclosure Class Members because the conduct offends public policy.

27     72. Defendants have violated the unfair prong of the UCL in that they procured consumer

28  reports or investigative consumer reports without consent and under false pretenses, as alleged

                                        13

                           CLASS ACTION COMPLAINT

1 herein.

2     73. As a result of Defendants' conduct described herein and their willful, reckless, and/or

3 grossly negligent violations of California Business & Professions Code § 17203, Plaintiff has lost

4 money or property and suffered harm as described herein, including but not limited to lost income

5 and the value of the consumer report to which Plaintiff was entitled but did not receive.

6     74. Pursuant to California Business & Professions Code § 17203, Plaintiff seeks

7 equitable relief, including but not limited to restitution and an order enjoining Defendants from

8 continuing to engage in the unfair and unlawful conduct described herein.

9 **PRAYER FOR RELIEF**

10     WHEREFORE, Plaintiff, on behalf of himself and on behalf of the other members of the

11 alleged classes, prays as follows:

12     A.    For an order certifying that this action is properly brought and may be maintained as

13 a class action, that Plaintiff be appointed the class representative, and that Plaintiff's counsel be

14 appointed counsel for the classes and subclasses;

15     B.    For a declaration that Defendants' practices violate the FCRA and ICRAA;

16     C.    For an award of statutory, compensatory, special, general, and punitive damages

17 according to proof against Defendants;

18     D.    For an award of appropriate equitable relief, including but not limited to restitution

19 and an injunction forbidding Defendants from engaging in further unlawful conduct in violation of

20 the FCRA and ICRAA;

21     E.    For an order awarding reasonable attorneys' fees and the costs of suit herein,

22 including but not limited to an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15

23 U.S.C. § 1681o, California Civil Code §1786.50, and C.C.P. § 1021.5;

24     F.    For an award of pre- and post-judgment interest; and

25     G.    For such other and further relief as may be deemed necessary or appropriate.

26 ///

27 ///

28 ///

14

CLASS ACTION COMPLAINT

1

### JURY DEMAND

2

Plaintiff hereby demands a jury trial on all issues so triable.

3

4   DATED:      December 18, 2020          COUNSELONE, PC

5

6                                          By _____

7                                          Anthony J. Orshansky
                                           Alexandria Kachadoorian
8                                          Justin Kachadoorian

9                                          *Attorneys for Plaintiff Jarrell Ellsworth
                                           and the Putative Classes*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

CLASS ACTION COMPLAINT

EXHIBIT "B"

# EXHIBIT "B"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Justin Kachadoorian (SBN 260356)<br>CounselOne, PC<br>9301 Wilshire Blvd., Suite 650, Beverly Hills, CA 90210<br><br>TELEPHONE NO.: (310) 277-9945    FAX NO. (Optional): (424) 277-3727<br>ATTORNEY FOR (Name): Plaintiff Jarrell Ellsworth | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>DEC 21 2020<br><br>BY _____<br>SYLVIA GUAJARDO, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino 92415-0210
BRANCH NAME: Civil Division of the San Bernardino District

CASE NAME:
Ellsworth v. Robertson's Ready Mix, Ltd., a California Limited Partnership, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CIV SB 2028682 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): seven
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: December 18, 2020

Justin Kachadoorian
_____
(TYPE OR PRINT NAME)                                                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
  Property Damage/Wrongful Death)
  Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
  Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Jarrell Ellsworth

Case No.: __CIV SB 2028682__

vs.

**CERTIFICATE OF ASSIGNMENT**

Robertson's Ready Mix, Ltd., a California limited partnership, et al.

BY FAX

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _Civil Division of San Bernardino_ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General     ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Business Tort | Defendant does business in San Bernardino. |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Robertson's Ready Mix, Ltd. - location of business       1955 W. Ninth St.
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR       ADDRESS

San Bernardino       CA       92412
CITY       STATE       ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on December 18, 2020    at Los Angeles     California.

_____
Signature of Attorney/Party



# You Don't Have to Sue

## Here Are Some Other Ways

## To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

Revised 01-04-12

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Revised 01-04-12

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

Revised 01-04-12

Superior Court of California
County of San Bernardino



## CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, Unlawful Detainer, Small Claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga, CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil & Family Law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
1710A Plum Ln
Redlands, CA 92374
TEL (909)798-7117
TOLL FREE (877) 832-9325
FAX (877) 839-1926
WEB www.ivjc.org
EMAIL info@ivjc.org

Revised 01-04-12

### Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.00 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the Request for Accommodations by Persons with Disabilities (judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterorise/accessibility/main.html These tools convert PDF documents into either HTML or ASCII text that can be read by many screen-reading programs.

For further information and forms:

**Jurors:** Please contact the Jury Services Office at (909) 884-1858.

**Others:** Please contact the court's ADA Coordinator at sprentiss@sb-courts.org

**Court employees:** To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with Ada issues, refer to the courts intranet site www.sb-court.org

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 708-8745.

Request for Accommodation Instruction Sheet (Non Fillable Form and Rule of Court 1)
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ADA-Persons-With-Disabilities-MC410QA.pdf

Request for Accommodation Form Fillable Version (MC-410)
http://www.courts.ca.gov/documents/mc410.pdf

Q&A on Rule of Court 1.100
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/Requestsforaccommodationsbypersonswithdisabilities.pdf
Access and Fairness Advisory Flyer
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ProvidingDisabilityAccommodations.pdf



# Alternative Dispute Resolution

**Superior Court of California - County of San Bernardino**

Alternate Dispute Resolution (ADR) provides an opportunity for parties to receive assistance reaching a resolution in their small claims, land-lord tenant, civil, family law, probate case with a trained mediator. These services are provided by Inland Fair Housing and Mediation Board (IFHMB).

These services are available in the following court locations:

- Barstow
- Fontana
- Joshua Tree
- San Bernardino Justice Center
- San Bernardino Historic
- Victorville

Using ADR to resolve disputes can:

➢ Save time, since it can take a lot less time to work out and write up an agreement than go through a trial.

➢ Save money on attorney's fees, fees for expert witnesses and other expenses.

➢ More control over the outcome.  In ADR, parties participate more actively in creating a workable solution than leaving the decision up to a judge or a jury.  Also, it can create solutions that go beyond what the court can do.

EXHIBIT "C"

# EXHIBIT "C"

**POS-015**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:            STATE BAR NO:  260356<br>NAME:  Justin Kachadoorian<br>FIRM NAME:  CounselOne, PC<br>STREET ADDRESS:  9301 Wilshire Blvd., Suite 650<br>CITY:  Beverly Hills                          STATE:  CA   ZIP CODE:  90210<br>TELEPHONE NO.:  (310) 277-9945      FAX NO.:  (424) 277-3727<br>E-MAIL ADDRESS:  justin@counselonegroup.com<br>ATTORNEY FOR (Name):  Plaintiff Jarrell Ellsworth | | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
  STREET ADDRESS:  247 West Third Street
  MAILING ADDRESS:  247 West Third Street
  CITY AND ZIP CODE:      San Bernardino 92415
  BRANCH NAME:    San Bernardino District - Civil Division

  Plaintiff/Petitioner:   Jarrell Ellsworth

Defendant/Respondent:  Robertson's Ready Mix, Ltd., a California Limited Partnership, et al.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CIVSB2028682 |

TO *(insert name of party being served):*  Robertson's Ready Mix, Ltd., a California Limited Partnership

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  February 10, 2021

_____          ▶    _____
                Lanie Lim
           (TYPE OR PRINT NAME)                      (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [ x ]  A copy of the summons and of the complaint.
2. [ x ]  Other *(specify):*

    Civil Case Cover Sheet
    Certificate of Assignment
    ADR Package

*(To be completed by recipient):*

Date this form is signed:   March 2, 2021

Stanley Stringfellow for Robertson's Ready Mix,     ▶  _____  Counsel
                                                  Ltd.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
   ON WHOSE BEHALF THIS FORM IS SIGNED)                        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |

EXHIBIT "D"

# EXHIBIT "D"

1   GLENN L. BRIGGS (SBN 174497)
    Email: gbriggs@kadingbriggs.com
2   STANLEY G. STRINGFELLOW II (SBN 259047)
    Email: sgs@kadingbriggs.com
3   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
4   Irvine, California 92618
    Telephone: (949) 450-8040
5   Facsimile: (949) 450-8033

6   Attorneys for Defendant
    ROBERTSON'S READY MIX, LTD.
7

8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            COUNTY OF SAN BERNARDINO

11

12   JARRELL ELLSWORTH, on behalf of      Case No. CIVSB2028682
     himself and others similarly situated,
13                                         **ANSWER OF DEFENDANT
                       Plaintiff,          ROBERTSON'S READY MIX, LTD., TO
14                                         PLAINTIFF'S UNVERIFIED CLASS
           v.                              ACTION COMPLAINT**
15
     ROBERTSON'S READY MIX, LTD.,
16   A CALIFORNIA LIMITED                  Complaint Filed:  December 21, 2020
     PARTNERSHIP; and DOES 1 to 50,
17   inclusive,

18                     Defendant.

19

20

21

22

23

24

25

26

27

28

487466
                                            1

1    Defendant Robertson's Ready Mix, Ltd., for itself and no other defendant, answers

2    the unverified Class Action Complaint ("Complaint") of Plaintiff Jarrell Ellsworth as

3    follows:

4

5    Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

6    denies generally and specifically each and every allegation in the Complaint.  Defendant

7    further denies, generally and specifically, that Plaintiff is entitled to the relief requested or

8    that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or

9    omission on the part of Defendant or any of its past or present agents, representatives, or

10   employees, acting in the course and scope of their employment.

11

12                        FIRST AFFIRMATIVE DEFENSE

13        1.    The Complaint, and each and every purported cause of action

14   contained therein, fails to state facts sufficient to constitute a cause of action.

15

16                        SECOND AFFIRMATIVE DEFENSE

17        2.    The Complaint, and each and every purported cause of action

18   contained therein, is barred in whole or in part by the applicable statute of limitations,

19   including but not limited to California Code of Civil Procedure Sections 335.1, 337, 338,

20   339, 340, and 343, California Civil Code Sections 1785.33 and 1786.52, California

21   Business and Professions Code Section 17208, and 15 U.S.C. Section 1681p.

22

23                        THIRD AFFIRMATIVE DEFENSE

24        3.    The Complaint, and each and every purported cause of action

25   contained therein, is not proper for treatment as a class action because, among other

26   reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff

27   cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of

28

487466

2

1    claims; and (d) the individualized nature of Plaintiff's claims makes class treatment

2    inappropriate.

3

4                    FOURTH AFFIRMATIVE DEFENSE

5           4.      Plaintiff's purported cause of action for violation of Business and

6    Professions Code Section 17200, et seq. is barred because provisions of Section 17200, et

7    seq. violate the Due Process clause of the United States Constitution.

8

9                    FIFTH AFFIRMATIVE DEFENSE

10          5.      Plaintiff's purported cause of action for violation of Business and

11   Professions Code Section 17200, et seq. is barred because Plaintiff, as a private litigant,

12   lacks standing to bring a claim for damages under California Business and Professions

13   Code Section 17203.

14

15                   SIXTH AFFIRMATIVE DEFENSE

16          6.      The Complaint, and each and every purported cause of action

17   contained therein, is barred in whole or in part by the doctrine of unclean hands.

18

19                  SEVENTH AFFIRMATIVE DEFENSE

20          7.      The Complaint, and each and every purported cause of action

21   contained therein, is barred in whole or in part by the doctrine of waiver.

22

23                   EIGHTH AFFIRMATIVE DEFENSE

24          8.      The Complaint, and each and every purported cause of action

25   contained therein, is barred in whole or in part by the doctrine of estoppel.

26

27                   NINTH AFFIRMATIVE DEFENSE

28          9.      The Complaint, and each and every purported cause of action

1   contained therein, is barred to the extent Plaintiff and those similarly situated, if any,

2   consented to any alleged activity or conduct.

3

4                        TENTH AFFIRMATIVE DEFENSE

5          10.    Plaintiff and those similarly situated, if any, have failed to mitigate

6   their damages and, to the extent of such failure, any damages awarded should be reduced

7   accordingly.

8

9                        ELEVENTH AFFIRMATIVE DEFENSE

10         11.    To the extent Plaintiff and/or those similarly situated, if any, have

11  entered into a release encompassing causes of action alleged in the Complaint, their claims

12  are barred by that release.

13

14                        TWELFTH AFFIRMATIVE DEFENSE

15         12.    The statutory damages sought by Plaintiff and those similarly

16  situated, if any, would be disproportionate to the harm alleged, excessive, and would

17  violate Defendant's rights under the due process clauses of the United States and

18  California constitutions.

19

20                        THIRTEENTH AFFIRMATIVE DEFENSE

21         13.    Although Defendant denies that it has committed or has responsibility

22  for any act that could support the recovery of civil, regulatory, and/or statutory penalties in

23  this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil

24  penalties against Defendant is unconstitutional under numerous provisions of the United

25  States Constitution and the California Constitution, including the excessive fines clause of

26  the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of

27  the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and

28  other provisions of the United States Constitution, and the excessive fines clause of

                                        4

1   Section 17 of Article I, the due process clause of Section 7 of Article I, the self-

2   incrimination clause of Section 15 of Article I, and other provisions of the California

3   Constitution.

4

5   FOURTEENTH AFFIRMATIVE DEFENSE

6         14.    Plaintiff's claims for injunctive and other equitable relief are barred

7   because Plaintiff and those similarly situated, if any, have an adequate and complete

8   remedy at law.

9

10   FIFTEENTH AFFIRMATIVE DEFENSE

11         15.    The Court has no jurisdiction over the subject matter of the

12   Complaint, or parts thereof, because Plaintiff has failed to exhaust his administrative

13   remedies.

14

15   SIXTEENTH AFFIRMATIVE DEFENSE

16         16.    To the extent that Plaintiff purports to assert a class action, certain

17   members of the putative class are barred, in whole or in part, from becoming members of

18   any purported class because of their agreement with Defendant to resolve through

19   individual arbitration all disputes arising out of their employment with Defendant.

20

21   SEVENTEENTH AFFIRMATIVE DEFENSE

22         17.    Plaintiff and those similarly situated, if any, have sustained no legally

23   significant injuries, damages, or loss by reason of any act of Defendant.

24

25   EIGHTEENTH AFFIRMATIVE DEFENSE

26         18.    The claims of Plaintiff and those similarly situated, if any, are barred,

27   in whole or in part, because Plaintiff and those similarly situated, if any, lack standing to

28   assert any or all of the causes of action and requests for damages alleged in the Complaint.

487466

5

## NINETEENTH  AFFIRMATIVE DEFENSE

19.     Defendant denies that it violated any provision of the law.  However, if Plaintiff proves that Defendant's actions violated the law, Plaintiff and those similarly situated, if any, are not entitled to any award because Defendant did not intentionally violate or fail to comply with the law, including any provision of the Fair Credit Reporting Act, the Investigative Consumer Reporting Agencies Act, or California's Unfair Competition Law, but rather acted in good faith and had reasonable grounds for believing that its actions and/or omissions were not a violation of any provision.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     The damages claimed by Plaintiff and those similarly situated, if any, are barred to the extent they are speculative in nature.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The claims of Plaintiff and those similarly situated, if any, under any alleged sections of the Fair Credit Reporting Act and the Investigative Consumer Reporting Agencies Act are barred because those statutes are unconstitutionally vague and overly broad and the manner in which Plaintiff alleges that they apply to Defendant constitutes a violation of due process.

## TWENTY-SECONDAFFIRMATIVE DEFENSE

22.     The claims of Plaintiff and those similarly situated, if any, are barred, in whole or in part, because Defendant maintained reasonable procedures to assure compliance with the requirements of the Fair Credit Reporting Act and the Investigative Consumer Reporting Agencies Act.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     To the extent that the claims of Plaintiff and those similarly situated,

6

487466

1    if any, are determined by the Court to require a showing of negligent conduct, then those

2    claims are barred, in whole or in part, by the negligence and/or intentional conduct of

3    Plaintiff and those similarly situated, if any.

4

5                    TWENTY-FOURTH AFFIRMATIVE DEFENSE

6           24.    Plaintiff is not entitled to recover punitive or exemplary damages

7    against Defendant because:  (a) Plaintiff has failed to plead facts sufficient to support

8    allegations of malice or reckless indifference for the rights of Plaintiff or that Defendant

9    was motivated by evil motive or intent; (b) neither Defendant nor any managerial agent of

10   Defendant committed any alleged malicious or reckless act, authorized or ratified such an

11   act, or had advance knowledge of the unfitness, if any, of any employee or employees who

12   allegedly committed such an act, or employed any such employee or employees with a

13   reckless indifference toward the rights or safety of others; and (c) an award of punitive or

14   exemplary damages under the circumstances alleged would violate the due process clauses

15   of the United States and California constitutions.

16

17                    TWENTY-FIFTH AFFIRMATIVE DEFENSE

18          25.    Defendant denies that any causal connection exists between any

19   alleged action by Defendant and any damages or injuries, the existence of which

20   Defendant denies, allegedly suffered by Plaintiff or those similarly situated, if any.

21

22                    TWENTY-SIXTH AFFIRMATIVE DEFENSE

23          26.    Defendant reserves the right to assert additional affirmative defenses

24   as discovery proceeds and it becomes aware of additional facts and circumstances that

25   provide the basis for additional affirmative defenses.

26

27          WHEREFORE, Defendant prays for judgment as follows:

28

487466

7

1          1.      That Plaintiff take nothing by reason of their Complaint;

2

3          2.      That the Complaint herein be dismissed in its entirety with prejudice,

4  and that judgment be entered for Defendant and against Plaintiff;

5

6          3.      That Defendant be awarded its reasonable costs and attorneys' fees;

7  and

8

9          4.      For such other and further relief as the Court deems just and proper.

10

11  DATED:  March 19, 2021       KADING BRIGGS LLP
                                GLENN L. BRIGGS

12                                STANLEY G. STRINGFELLOW II

13

14                           By:_____
                                  STANLEY G. STRINGFELLOW II

15

16                           Attorneys for Defendant
                           ROBERTSON'S READY MIX, LTD.

17

18

19

20

21

22

23

24

25

26

27

28

8

ANSWER OF DEFENDANT TO PLAINTIFF'S CLASS ACTION COMPLAINT

## **PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                               ) ss:
COUNTY OF ORANGE               )

I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

On **March 19, 2021**, I served the foregoing document(s) described as:

**ANSWER OF DEFENDANT ROBERTSON'S READY MIX, LTD., TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Justin Kachadoorian<br>Counsel One, P.C.<br>9301 Wilshire Boulevard, Suite 650<br>Beverly Hills, CA 90210 | Attorney for Plaintiff JARRELL ELLSWORTH<br><br>Telephone:   (310) 277-9945<br>Fax No.:       (424) 277-3727<br>Email:          justin@counselonegroup.com |

☐ **BY ELECTRONIC SERVICE THRU ONE LEGAL ONLINE COURT SERVICES:** Pursuant to C.R.C. 2.251, I caused a copy of the foregoing document to be uploaded to One Legal Online Court Services for electronic service on the above-referenced individuals.

☐ **BY ELECTRONIC MAIL WHERE INDICATED:**  Pursuant to C.R.C. 2060, I served the foregoing document described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.

☐ **BY MAIL:**  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:**  I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated.  Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s).  I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.  A copy of said electronic confirmation is maintained in this office.

☒ **BY OVERNIGHT DELIVERY:**  I am readily familiar with the practice of Kading Briggs LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

1

☒   **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 19, 2021**, at Irvine, California.

_____

**Wendy Garcia**

2

PROOF OF SERVICE

EXHIBIT "E"

# EXHIBIT "E"



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| | | |
|---|---|---|
| **complex -class Action** Ellsworth -v- Robertson's Ready Mix, Ltd., A California Limited Partnership | | |
| IMPORTANT CORRESPONDENCE | Case Number | |
| | CIVSB2028682 | |

Counselone Pc
9301 WILSHIRE BLVD
SUITE 650
BEVERLY HILLS CA  90210

From the above entitled court, enclosed you will find:

Initial Complex Order and Guidelines

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice:

☒  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐  A copy of this notice was given to the filing party at the counter.

☐  A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing:  2/11/2021

I declare under penalty of perjury that the foregoing is true and correct.  Executed on 2/11/2021 at San Bernardino.

By:  Sandra Portillo

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Superior Court of California
County of San Bernardino
247 W. Third Street, Dept. S-26
San Bernardino, CA  92415-0210

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 0 8 2021

BY _____
SANDRA PORTILLO, DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT

JARRELL ELLSWORTH

vs.

ROBERTSON'S READY MIX, LTD

Case No.: CIVSB2028682

**INITIAL CASE MANAGEMENT CONFERENCE ORDER**

This case is assigned for all purposes to Judge David Cohn in the Complex Litigation Program, Department S-26, located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, California, 92415-0210.  Telephone numbers for Department S-26 are (909) 521-3519 (Judicial Assistant) and (909) 708-8866 (Court Attendant).

**-1-**

## The Initial Case Management Conference

An initial Case Management Conference (CMC) is scheduled for <u>APR 2 3 2021</u> at 9:00 a.m.  Due to the social distancing requirements imposed by the COVID-19 pandemic, the initial CMC (and all subsequent CMCs) will be conducted remotely, via CourtCall.  Contact CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule the appearance through CourtCall.   Until further order of the Court, in-person attendance at CMCs is not allowed.[1]

Counsel for all parties are ordered to attend the initial CMC.  If there are defendants who have not yet made a general or special appearance, those parties who are presently before the court may jointly request a continuance of the initial CMC to allow additional time for such non-appearing defendants to make their general or special appearances.   Such a request should be made by submitting a Stipulation and Proposed Order to the Court, filed directly in Department S-26, no later than five court days before the scheduled hearing.

## Stay of the Proceedings

Pending further order of this Court, and except as otherwise provided in this Order, these proceedings are stayed in their entirety.  This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court.  Each defendant, however, is directed to file a Notice of General Appearance (or a Notice of Special Appearance if counsel intends to challenge personal jurisdiction) for purposes of identification of counsel and preparation of a service list.  The filing of a

---

[1] In-person appearances are allowed for motions, but are discouraged.  Until the Pandemic restrictions are lifted, please use CourtCall whenever possible.

-2-

1   Notice of General Appearance is without prejudice to any substantive or procedural

2   challenges to the complaint (including subject matter jurisdiction), without prejudice to

3   any denial or affirmative defense, and without prejudice to the filing of any cross-

4   complaint.  The filing of a Notice of Special Appearance is without prejudice to any

5
6   challenge to the court's exercise of personal jurisdiction.  This stay of the proceedings is

7   issued to assist the court and the parties in managing this case through the

8   development of an orderly schedule for briefing and hearings on any procedural or

9   substantive challenges to the complaint and other issues that may assist in the orderly

10  management of this case.  This stay shall not preclude the parties from informally

11
12  exchanging documents and other information that may assist them in their initial

13  evaluation of the issues.

14                          **Service of this Order**

15      Plaintiffs' counsel is ordered to serve this Order on counsel for each defendant,

16  or, if counsel is not known, on each defendant within five days of the date of this Order.
17
18  If the complaint has not been served as the date of this Order, counsel for plaintiff is to

19  serve the complaint along with this Order within ten days of the date of this Order.

20               **Agenda for the Initial Case Management Conference**

21      Counsel for all parties are ordered to meet and confer in person no later than ten

22  days before the initial CMC to discuss the subjects listed below.  Counsel
23
24  must be fully prepared to discuss these subjects with the court:

25      1. Any issues of recusal or disqualification;

26      2. Any potentially dispositive or important threshold issues of law or fact that, if

27          considered by the court, may simplify or further resolution of the case;

28

3. Appropriate mechanisms for Alternative Dispute Resolution;

4. A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5. A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6. Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7. Any issues involving the protection of evidence and confidentiality;

8. The use and selection of an electronic service provider;

9. The handling of any potential publicity issues;

10. Any other issues counsel deem appropriate to address with the court.

## The Joint Report

Counsel are ordered to prepare a Joint Report for the initial CMC, to be filed directly in Department S-26 (not in the Clerk's office), no later than four court days before the conference date.  The Joint Report must include the following:

1. Whether the case should or should not be treated as complex;

2. Whether additional parties are likely to be added and a proposed date by which all parties must be served;

3. A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

-4-

4. Whether the court should issue an order requiring electronic service. Counsel should advise the court regarding any preferred web-based electronic service provider;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6. Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7. A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8. A description of the major factual and legal issues in the case. The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

9. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

10. A discovery plan, including the time need to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations). With respect to the discovery of electronically stored information (ESI ), the plan should include:

   a. Identification of the Information Management Systems used by the parties;

b. The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

c. The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

d. The format in which ESI will be produced;

e. Appropriate search criteria for focused requests.

f. A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11. Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12. Recommended dates and times for the following:

a. The next CMC;

b. A schedule for any contemplated ADR;

c. A filing deadline (and proposed briefing schedule) for any anticipated non-discovery motions.

d. With respect to class actions, the parties' tentative views on an appropriate deadline for a class certification motion to be filed.

To the extent the parties are unable to agree on any matter to be addressed in the Joint Report, the positions of each party or of various parties should be set forth separately. The parties are encouraged to propose, either jointly or separately, any

1 | approaches to case management that they believe will promote the fair and efficient
2 | handling of this case.

3 |     Any stipulations to continue conferences or other hearings throughout this
4 | litigation must be filed with the court directly in Department S-26 (not in the Clerk's
5 |
6 | office), no later than four court days before the conference or hearing date.

7 | **Informal Discovery Conferences**

8 |     Motions concerning discovery cannot be filed without first requesting an informal
9 | discovery conference (IDC) with the court.  Making a request for an IDC automatically
10 | stays the deadline for filing any such motion.  IDCs are conducted remotely, via the
11 |
12 | BlueJeans Video Conferencing program.  Attendees will need to download the
13 | BlueJeans program (available from the app stores for IOS or Android) to a computer,
14 | laptop, tablet, or smartphone.  If the device being used does not have camera
15 | capability, the BlueJeans application offers an audio-only option.  Video appearance at
16 | the IDC, however, is encouraged.  The Court will provide a link to join the conference at
17 |
18 | the appointed time.  Please provide Department S-26's Judicial Assistant ((909) 521-
19 | 3519) or Court Attendant ((909) 708-8866) with an e-mail address.  No briefing is
20 | required for the IDC, but counsel should lodge (not file) the relevant discovery record in
21 | Department S-26 before the IDC.

22 |
23 |
24 |
25 |
26 | Dated: _____ 2/8 _____, 20__
27 |
28 |

David Cohn,
Judge of the Superior Court

-7-

EXHIBIT "F"

# EXHIBIT "F"

| Attorney or Party without Attorney:<br>Justin Kachadoorian, Esq., Bar #260356<br>CounselOne, PC<br>9301 Wilshire Blvd, Suite 650<br>Beverly Hills, CA 90210<br>*Telephone No:* 310-277-9945 | For Court Use Only<br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>FEB 22 2021<br>BY *Cesar R. Lepe*<br>CESAR R. LEPE DEPUTY |
|---|---|
| *Attorney for:* Plaintiff Jarrell Ellsworth **SCANNED** *No.:* | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>Superior Court of California, County of San Bernardino - Civil District (SB Justice Center) | |
| *Plaintiff:* Jarrell Ellsworth | |
| *Defendant:* Robertson's Ready Mix, LTD., a California Limited Partnership, et al. | |

| PROOF OF SERVICE<br>Summons & Complaint | *Hearing Date:*<br>4/23/2021 | *Time:*<br>9:00 a.m. | *Dept/Div:*<br>S-26 | *Case Number:*<br>CIVSB2028682 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons & Complaint; Certificate Of Assignment; Civil Case Cover Sheet; Resolve Your Lawsuit Online Before Your Trial Date; Adr Information Package; Initial Case Managment Conference Order

3. a. *Party served:*     Robertson's Ready Mix, Ltd., a California Limited Partnership
   b. *Person served:*    Mervyn Encarnacion, Agent for Sevice

4. *Address where the party was served:*     200 S. Main Street, Suite 200
                                             Corona, CA 92882

5. *I served the party:*
   b. by substituted service. On: Thu., Feb. 18, 2021 at: 12:00PM by leaving the copies with or in the presence of:
      Richard Kim, Person in Charge,, Asian, Male, 40 Years Old, 5 Feet 4 Inches,
      160 Pounds
   (1) (Business) a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the party
       served. I informed him or her of the general nature of the papers.

   (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the
       copies were left (Code Civ. Proc., 415.20). I mailed the document on: Thu., Feb. 18, 2021 from: Sacramento, CA

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  Robertson's Ready Mix, Ltd., a California Limited Partnership
   Under CCP 416.40 (association or partnership)

7. *Person Who Served Papers:*                               Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. E. Ratliff
                                              d.  *The Fee for Service was:*


   **1500 W. El Camino Avenue, #510**        e.  I am: (3) registered California process server
   **Sacramento, CA 95833**                      (i)   Independent Contractor
   **855-5VALPRO, Fax (866) 900-4665**           (ii)  *Registration No.:*    2014334055
   **Valpro** www.ValproAttorneyServices.com    (iii) *County:*              Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*
   *Date: Thu, Feb. 18, 2021*

Rule 2.150.(a)&(b) Rev January 1, 2007        PROOF OF SERVICE                    (E. Ratliff)
Judicial Council Form POS-010               Summons & Complaint                                        Jukac.34489



RECEIVED

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 2 2 2021

EXHIBIT "G"

# EXHIBIT "G"

**CM-020**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Justin Kachadoorian (SBN 260356)<br>CounselOne, PC<br>9301 Wilshire Blvd., Suite 650<br>Beverly Hills, CA 90210<br>TELEPHONE NO.: (310) 277-9945   FAX NO. *(Optional):* (424) 277-3727<br>E-MAIL ADDRESS *(Optional):* justin@counselonegroup.com<br>ATTORNEY FOR *(Name):* Plaintiff Jarrell Ellsworth | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>FEB 2 3 2021<br><br>BY<br>VERONICA GONZALEZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino 92415-0210
BRANCH NAME: Civil Division of the San Bernardino District

PLAINTIFF/PETITIONER:  Jarrell Ellsworth

DEFENDANT/RESPONDENT:  Robertson's Ready Mix, Ltd., et al.

| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND [✓] ORDER EXTENDING TIME TO SERVE AND [ ] ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br><br>CIVSB2028682 |
|---|---|
| Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).) | HEARING DATE:<br>DEPT.:                TIME: |

1. Applicant *(name):*  Jarrell Ellsworth
   is
   a. [✓] plaintiff
   b. [ ] cross-complainant
   c. [ ] petitioner
   d. [ ] defendant
   e. [ ] cross-defendant
   f. [ ] respondent
   g. [ ] other *(describe):*

BY FAX

2. The complaint or other initial pleading in this action was filed on *(date):*  December 21, 2020

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. [✓] Complaint
   b. [ ] Cross-complaint
   c. [ ] Petition
   d. [ ] Answer or other responsive pleading
   e. [✓] Other *(describe):*
      Summons, Civil Case Cover Sheet, Certificate of Assignment, ADR Package

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):*  February 19, 2021

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. [✓] None
   b. [ ] The following *(describe all, including the length of any previous extensions):*

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*
   Robertson's Ready Mix, Ltd., a California Limited Partnership

Page 1 of 2

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-020 [Rev. January 1, 2008] | **EX PARTE APPLICATION FOR EXTENSION OF TIME<br>TO SERVE PLEADING AND ORDERS** | Cal. Rules of Court,<br>rules 3.110, 3.1200–3.1207<br>www.courtinfo.ca.gov |
|---|---|---|

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| Ellsworth v. Robertson's Ready Mix, Ltd., et al. | CIVSB2028682 |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

Plaintiff's counsel have been attempting to verify the status of Defendant's representation in this matter by their counsel and to coordinate service by notice and acknowledgment thereupon.

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

Defendant's deadline to return the completed Notice and Acknowledgment of Receipt form is March 2, 2021, which is after Plaintiff's current deadline to serve and file Proof of Service of Summons. However, Plaintiff's counsel is still awaiting confirmation from Defendant's counsel that they will be representing Defendant in this matter. If Plaintiff's counsel finds that they will not, Plaintiff will attempt to effectuate personal service on Defendant upon their agent for service of process, which might take some time given the pandemic.

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*

April 2, 2021

10. Notice of this application under rules 3.1200–3.1207 ☑ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons):*

Plaintiff provided notice of this application to Defendant by US Mail at their agent for service of process as listed with the California Secretary of State.

☐ Continued on Attachment 10.

11. Number of pages attached: __0__

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 11, 2021

Justin Kachadoorian, Esq.
_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

► _Justin_ _____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

**Order on Application is** ☐ **below** ☐ **on a separate document.**

## ORDER

1. The application for an order extending time to serve and file the pleading is ☑ granted ☐ denied.

2. The pleading must be served and filed no later than *(date):* 2·19·21

3. ☑ The case management conference is rescheduled to:

   a. Date: 4·29·21

   b. Time: 9:00 a.m.

   c. Place: S26

4. Other orders: _____

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date: 2/23/21

_____
DAVID COHN     JUDICIAL OFFICER

CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Page 2 of 2

RECEIVED

FEB 1 6 2021

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

EXHIBIT "H"

# EXHIBIT "H"

GLENN L. BRIGGS (SBN 174497)
Email: gbriggs@kadingbriggs.com
STANLEY G. STRINGFELLOW II (SBN 259047)
Email: sgs@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
ROBERTSON'S READY MIX, LTD.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JARRELL ELLSWORTH, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTSON'S READY MIX, LTD., A CALIFORNIA LIMITED PARTNERSHIP; and DOES 1 to 50, inclusive,<br><br>Defendant. | Case No.  CIVSB2028682<br><br>Assigned to all purposes to the Hon. David Cohn in Dept. S-26<br><br>**NOTICE TO ADVERSE PARTY OF ROBERTSON'S READY MIX, LTD.'S REMOVAL OF THE CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1331 (FEDERAL QUESTION), 1367(a), AND 1441(a), (c)** |

487489

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Central District of California on March 19, 2021.  A copy of said Notice of Removal and supporting exhibits are attached to this Notice and are served and filed herewith.

Dated:  March 19, 2021

KADING BRIGGS LLP
GLENN L. BRIGGS
STANLEY G. STRINGFELLOW II

By: _____
STANLEY G. STRINGFELLOW II

Attorneys for Defendant
ROBERTSON'S READY MIX, LTD.

487489

-2-

NOTICE TO ADVERSE PARTY OF REMOVAL

EXHIBIT "I

# EXHIBIT "I"

1  GLENN L. BRIGGS (SBN 174497)
   Email: gbriggs@kadingbriggs.com
2  STANLEY G. STRINGFELLOW II (SBN 259047)
   Email: sgs@kadingbriggs.com
3  KADING BRIGGS LLP
   100 Spectrum Center Drive, Suite 800
4  Irvine, California 92618
   Telephone: (949) 450-8040
5  Facsimile: (949) 450-8033

6  Attorneys for Defendant
   ROBERTSON'S READY MIX, LTD.
7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN BERNARDINO

11

12  | JARRELL ELLSWORTH, on behalf of | Case No. CIVSB2028682 |
    | himself and others similarly situated, | |
13  | | Assigned to all purposes to the Hon. David |
    | Plaintiff, | Cohn in Dept. S-26 |
14  | | |
    | v. | **NOTICE TO STATE COURT OF** |
15  | | **ROBERTSON'S READY MIX, LTD.'S** |
    | ROBERTSON'S READY MIX, LTD., | **REMOVAL OF THE CIVIL ACTION TO** |
16  | A CALIFORNIA LIMITED | **THE UNITED STATES DISTRICT** |
    | PARTNERSHIP; and DOES 1 to 50, | **COURT UNDER 28 U.S.C. SECTIONS** |
17  | inclusive, | **1331 (FEDERAL QUESTION), 1367(a),** |
    | | **AND 1441(a), (c)** |
18  | Defendant. | |

19

20

21

22

23

24

25

26

27

28

487487

─────────────────────────────────────────
NOTICE TO STATE COURT OF REMOVAL

1   TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SAN

2   BERNARDINO:

3

4        Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse

5   Party of Removal of this action to the United States District Court for the Central District

6   of California.  The original Notice of Removal of Civil Action to the United States

7   District Court was filed with the United States District Court for the Central District of

8   California with the attached exhibits on March 19, 2021.

9

10        The filing of said Notice of Removal effectuates the removal of the above-entitled

11  action from this Court.

12

13  Dated:  March 19, 2021          KADING BRIGGS LLP
                                    GLENN L. BRIGGS
14                                  STANLEY G. STRINGFELLOW II

15

16

17                                  By: _____
                                         STANLEY G. STRINGFELLOW II
18
                                    Attorneys for Defendant
19                                  ROBERTSON'S READY MIX, LTD.

20

21

22

23

24

25

26

27

487487  28
                                        -2-